```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON

UNITED STATES OF AMERICA,      )
                               )
     Plaintiff,                )
                               )    Criminal Case No.
v.                             )    13-cr-113-JMH
                               )
TIMOTHY LANGFELS,              )
                               )
     Defendants.               )    MEMORANDUM OPINION & ORDER
                               )
```

                              \*\*\*

This matter is before the Court upon Defendant Langfels' Motion to Dismiss and Suppress Evidence [DE 16]. The United States has filed a Response [DE 25]. Considering Defendant's Motion, the Response to the motion made by the United States, and the applicable law, the Court concludes that no evidentiary hearing is necessary at this time with respect to this Motion. Rather, the Court is adequately advised, and this motion is ripe for disposition. For the reasons stated below, the Motion will be **DENIED**, although Defendant's request to independently test the plant samples taken from his residence will be **GRANTED**.

   **I. Background**

In the Indictment returned in this matter on August 1, 2013, Defendant Langfels is charged with a single count of violating 21 U.S.C. § 841(a)(1) for knowingly and intentionally manufacturing and producing one hundred or more marijuana plants, a Schedule I controlled substance; a single count of

knowingly and intentionally possessing with intent to distribute less than fifty kilograms of a mixture or substance containing marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1); and a single count of possessing firearms in furtherance of the drug trafficking crimes charged in violation of 18 U.S.C. § 924(c)(1). The plants in question were discovered growing in Langfels residence and were seized in a videotaped search and seizure pursuant to a warrant. At trial, there may be evidence from which one could conclude that the plants are identifiable as one of two subtypes or species of *Cannabis*, *Cannabis sativa L.* or *Cannabis indica,* but, as explained below, the United States intends to produce evidence obtained from testing the sample plants taken from the residence as to the type of plant material demonstrating that they are, in fact, *Cannabis sativa L.* The United States has now provided a copy of the lab report that it received and reporting that conclusion to Defendant. Defendant raises several arguments with respect to this evidence and the application of the relevant law to the evidence, none of which have merit as stated below.

## II. DISCUSSION

### A. Evidence to Be Offered by United States

There is no merit to Langfels' first argument, in which he contends that the charges against him should be dismissed or all

evidence of the identity of the seized plants be excluded because the United States is unable to produce evidence at trial sufficient to meet its burden of proof as to the identity of the plants seized at his residence. Specifically, he argues that the government has failed to produce in discovery any lab results or expert identification that any of the plants seized were, in fact, marijuana as defined by 21 U.S.C. § 802(d)(16). In response, the United States has provided the Court and Defendant with copies of lab reports obtained from the testing conducted during the investigation of this matter and indicated that a lab examiner will testify as to the results of that testing. The Court will not prejudge that evidence, which, if believed, would support the government's contention that the plants were marijuana, as defined in the relevant statutes, as that is the role of the jury in this criminal matter. It is sufficient at this stage to know that the United States intends to present evidence in this regard to be weighed at trial.

### B. *Cannabis indica* Within Definition of Marijuana Contained at 21 U.S.C. § 802(d)(16)

Defendant next argues that the charges against him should be dismissed as an application of 21 U.S.C. § 802(d)(16) violates his Due Process rights under the Fifth and Fourteenth Amendments because the statute is void for vagueness as it did not provide him with sufficient notice of what constitutes

marijuana for the purposes of the statute or that the species of plants seized from Defendant were prohibited by law. His argument fails.

The Court undertakes its analysis on an "as applied" basis, since "[v]agueness challenges to statutes not threatening First Amendment interests are examined in light of the facts at hand." *Nat'l Rifle Assoc. of Am. v. Magaw*, 132 F.3d 272, 292 (6th Cir. 1997) (quoting *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988)). "[T]he statute must be judged on an as-applied basis, and a facial challenge before the statute has been applied is premature." *Id.* (citing *United States v. Mazurie*, 419 U.S. 544, 550 (1975); *United States v. Hofstatter*, 8 F.3d 316, 321 (6th Cir. 1993)). An as-applied challenge is required because "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *United States v. Saffo*, 227 F.3d 1260, 1270 (10th Cir. 2000) (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n.7 (1982)).

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983) (citations omitted). The more important aspect of the

vagueness doctrine is that the "legislature establish minimal guidelines to govern law enforcement." *Id*. at 358 (quoting *Smith v. Goguen*, 415 U.S. 566, 574 (1974)). The relevant inquiry is "what a person of common intelligence would reasonably understand the statute to proscribe, not what the particular defendant understood the statute to mean." *Washam*, 312 F.3d at 930 (citations omitted)(internal quotation marks omitted).

21 U.S.C. § 802(d)(16) defines "[t]he term 'marihuana' [to] mean[] all parts of the plant Cannabis sativa L." Defendant argues that, as written, subsection (d)(16) fails to give him an appreciable understanding of the fact that several species of cannabis – other than *Cannabis sativa L.* – are included within the definition of marijuana and, thus, prohibited under law. Defendant argues that, to the extent that evidence is produced that the plants seized were *Cannabis indica*, they are not within the definition of marijuana set forth in 21 U.S.C. § 802(d)(16), which mentions only *Cannabis sativa L.* by name.[1] Thus, he argues that he could not have known that *Cannabis indica*—if it is shown

---

[1] The United States indicates in its Response that it intends to submit test results demonstrating that the plants seized from Defendants' residence were, in fact, *Cannabis sativa L.* As related by Defendant, however, evidence may also be elicited at trial that at least one of the officers on the scene at Defendant's residence believed that the plants had the musky odor typically associated with *Cannabis indica* as opposed to other varieties of marijuana. This is a distinction without a difference, in keeping with the case law cited in this Memorandum Opinion and Order.

that he possessed it—was "marijuana" under subsection (d)(16) because it was, he argues, by taxonomy standards a different species of plant than *Cannabis sativa L.*

In this circuit, as in others, it is taught that the "Congressional prohibition [against marijuana] was intended to apply to all forms of marijuana," including *Cannabis indica*. *United States v. Dinapoli,* 519 F.2d 104, 106 (6th Cir. 1975); *see also United States v. Walton,* 514 F.2d 201, 203-04 (D.C.Cir. 1975); *United States v. Honneus,* 508 F.2d 566, 574-75 (1st Cir. 1974); *United States v. Kinsey,* 505 F.2d 1354 (2d Cir. 1974); *United States v. Moore,* 446 F.2d 448, 450 (3d Cir. 1971) (construing 26 U.S.C. § 4761, predecessor of 21 U.S.C. § 802(d)(16)); *United States v. Sifuentes,* 504 F.2d 845, 849 (4th Cir. 1974); *United States v. Maskey,* 609 F.2d 183, 188 (5th Cir. 1980); *United States v. Lupo,* 652 F.2d 723, 728 (7th Cir. 1981); *United States v. Gavic,* 520 F.2d 1346, 1352 (8th Cir. 1975); *United States v. Kelly,* 527 F.2d 961, 963-64 (9th Cir. 1976); *United States v. Gagnon,* 635 F.2d 766, 770 (10th Cir. 1980).

Defendant criticizes these interpretations on the grounds that, in the face of an ever-evolving scientific understanding of the taxonomy of the genus *Cannabis* as polytypic, Congress could have but has never acted to broaden the statutory definition of marijuana to include subtypes other than *sativa L.*, including *Cannabis indica*. In this way, he argues, the

statute simply does not address the possession of *Cannabis indica* and it violates his right to due process apply it in this instance. This Court remains bound by precedent, which requires the conclusion that the statute applies to Langfels if it is demonstrated that he possessed either *Cannabis sativa L.* or *Cannabis indica*, among other things. There is a longstanding determination that the statute gives sufficient notice that both *Cannabis sativa L.* and *Cannabis indica* are included in the definition of marijuana at 21 U.S.C. § 802(d)(16). Defendant's recourse is, at this time, to the appellate courts on this issue. Accordingly, Defendant's motion must be denied in this regard.

### C. Destruction of Plant Material

Nor is there merit to Defendant's third argument, that all evidence of the plants seized from his residence should be excluded and the case dismissed because that the United States violated Defendant's Due Process rights when "259 plants and entire unknown, unidentified plant populations" [DE 16-1 at 14, PAGE ID # 69] discovered at Defendant's residence were destroyed leaving only fourteen samples for evaluation. The investigators at the residence made videotape of the entire search, which shows the plants being removed from the soil, the roots being shown, and the sampling of the plants. Given this evidence and the absence of an allegation of bad faith on the part of the

government, the Court concludes that Langfel's due process rights have not been violated. *See United States v. Allen*, 954 F.2d 1160, 1168–69 (1992) (*citing United States v. Newton*, 937 F.2d 609 (6th Cir. 1991) (unpublished opinion); *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988) ("We therefore hold that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."); *Calif. v. Trombetta*, 467 U.S. 479 (1984)). Ultimately, there is no need to suppress evidence of those plants as requested by Defendant.

### D. Testing of Plant Samples by Defendant

Finally, Defendant asks that, if his motion to dismiss is denied, that he be provided an opportunity to have the samples independently tested. The United States does not object, provided that the costs of transportation and examination are borne by Defendant.

## III. Conclusion

Having considered all of these arguments, Defendant's Motion to Dismiss and Suppress Evidence must be denied. However, his request to independently test the plant samples taken from his residence will be granted. Accordingly, **IT IS ORDERED:**

(1) that Defendant Langfels' Motion to Dismiss and Suppress Evidence [DE 16] is **DENIED.**

(2) That Defendant Langfel's request [DE 16] to independently test the plant samples taken from his residence is **GRANTED**. Defendant shall bear the costs of transportation and examination associated with this testing.

This the 25th day of October, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge